IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED ASSOC. OF THE PLUMBING AND PIPEFITTING INDUSTRY OF U.S. AND CANADA, LOCAL NO. 360, et al, <br><br>　　Plaintiffs, <br><br>vs. <br><br>CRAFTON PLUMBING AND HOME SERVICES, LLC, <br><br>　　Defendant. | Case No. 24-cv-02581-DWD |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on the Motion for Default Judgment and Memorandum in Support filed by all Plaintiffs. (Docs. 11, 12). Plaintiffs filed their Complaint on December 9, 2024, (Doc. 1),[1] alleging claims under the Labor Management Relations Act of 1947, *as amended*, 29 U.S.C. § 185 ("LMRA"), and the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1132(e)(1), (f) ("ERISA"), against Defendant to collect delinquent fringe benefit contributions.

Obtaining a default judgment entails two steps. First, the party seeking a default must file a motion for entry of default with the clerk of a district court and demonstrate that the opposing party has failed to answer or otherwise respond to the complaint. FED. R. CIV. P. 55(a); *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). The entry of default "is merely

---

[1] On December 12, 2024, Plaintiffs filed a First Amended Complaint. (Doc. 7).

a formal matter and does not constitute entry of a judgment." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (3d ed. 2010). After default has been established, the moving party must then seek entry of a default judgment. *Catt*, 368 F.3d at 793.

Defendant was served with a copy of the summons and Complaint on December 16, 2024, (Doc. 8), but did not file an answer or otherwise respond to the Complaint. Plaintiff moved for entry of default on January 13, 2025. (Doc. 10). Accordingly, the Clerk of Court appropriately entered default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on January 14, 2025. (Doc. 14). Plaintiff has now filed a motion for default judgment under Rule 55(b).

Plaintiffs have established that defendant failed to make payments for the period of June 2024 through December 2024 as required by the collective bargaining agreement. (Doc. 12-1). Because Defendant is in default, the Court finds that judgment should be entered in Plaintiff's favor.

Accordingly, the Court **GRANTS** the Motion for Default Judgment. (Doc. 11). Judgment shall be entered in favor of all Plaintiffs and against Defendant Crafton Plumbing and Home Services, LLC, for $73,730.23, consisting of $64,623.79 in delinquent contributions, $4,403.03 in union dues, $2,831.30 in liquidated damages, $222.11 in Department of Labor fees, and $1,650.00 in attorneys' fees and court costs.

**SO ORDERED.**

Dated: January 21, 2025

/s *David W. Dugan*

_____
DAVID W. DUGAN
United States District Judge